19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, Plaintiff-Appellee,
v.
Charles ODEN, Defendant-Appellant.
 No. 92-10444.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1994.*
Decided March 22, 1994.
 
 Before: CHOY, D.W. NELSON and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Oden appeals the judgment of the Supreme Court of the Commonwealth of the Northern Mariana Islands (the Commonwealth) affirming his conviction of criminal oral copulation and sexual abuse of a child. We affirm.
 
 
 3
 On April 23, 1990, the Commonwealth filed an amended information charging Oden with oral copulation with a minor in violation of 6 Commonwealth Code (CMC) Sec. 1307(b) and sexual abuse of a child in violation of 6 CMC Sec. 1311 (the Amended Information). Oden contends that the Commonwealth failed to specify adequately the date of the offenses of conviction, thereby precluding preparation of an alibi defense and violating his due process right to a fair trial. Oden further contends that the Commonwealth did not prove that the offenses occurred during the time period set forth in the Amended Information.
 
 
 4
 As to Oden's first contention that the Commonwealth deprived him of adequate opportunity to prepare his defense, we are not persuaded that the Amended Information failed to give Oden sufficient notice of the date the charged offenses allegedly occurred. Uncertainty regarding beginning and ending dates does not render an indictment fatally defective. United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir.1989). The Amended Information alleged that the offenses occurred "in the latter months of 1988." At a pre-trial hearing the Commonwealth further specified that the offenses occurred between the months of October and December and the trial judge revised the Amended Information accordingly. Because the revised time frame was subsumed within or was at most coextensive with the originally specified period, the Commonwealth's pretrial revision of the Amended Information only narrowed or in any event did not depart from the temporal parameters originally alleged. We therefore find no merit in Oden's contention that this revision unconstitutionally hindered the preparation of his defense.
 
 
 5
 Nor do we find evidence that the Commonwealth obtained unfair elements of surprise at trial rendering Oden's conviction constitutionally infirm, contrary to Oden's contention that the Commonwealth's trial tactics "amounted to a zen-like ambush." The Commonwealth consummated its revision of the offense date before trial and did not seek to prove at trial that Oden committed the offenses at some time outside the parameters specified in the Amended Information. Oden produced no evidence that the Commonwealth attempted to confuse the jury as to the date of the offenses or, contrary to Oden's contention, to suggest that if Oden could establish an alibi for the months of October, November and December, the offenses must have occurred at some other time during the latter months of 1988.
 
 
 6
 As to Oden's contention that the Commonwealth's revision of or imprecision as to the offense date "eviscerated" his alibi defense, the record contained no evidence that Oden's inability to construct a complete alibi was occasioned by any prosecutorial ruse, as opposed to time elapsed since the commission of the offenses. As with the failure of the prosecution's witnesses to pinpoint the date of the alleged offenses, it was well within the province of the jury to weigh the extent to which the passage of time and the dimming of memories, as opposed to more fundamental infirmities of the party's credibility or case, was responsible for Oden's failure to prepare a more compelling defense.
 
 
 7
 The record also belies Oden's second contention that the Commonwealth failed to prove that he committed the offenses during the period specified in the Amended Information. At trial the adult witness testified that Oden committed the offenses in 1988. Consistently and more precisely, the victim testified that the incident in question took place "before Christmas" while she was in second grade. While the victim's testimony as to when she was molested was inexact, a victim's inability to specify a precise date for an offense is not fatal to the prosecution's case, especially where the victim is a child less able to recall dates with specificity. State v. D.B.S., 700 P.2d 630, 634 (1984). Accordingly, we find no error in the conclusion of the Supreme Court of the Commonwealth that "a rational trier of fact could reasonably infer from the testimony of the two witnesses that the offenses occurred during the three-month period alleged in the amended information, notwithstanding the defendant's alibi that he was off-island for a portion of the period."
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3